IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22-CR-291 |
| vs. | |
| EMMETT WALKER JR., | MEMORANDUM AND ORDER ON MOTION TO DISMISS |
| Defendant. | |

## I.  INTRODUCTION

Defendant Emmett Walker, Jr., has been charged with being an unlawful user of a controlled substance in possession of a firearm. Filing 1 at 1. Before the Court is Walker's Motion to Dismiss the Indictment, arguing that the statute prohibiting possession of a firearm while using or being addicted to a controlled substance is unconstitutional. Filing 29. The Government opposes Walker's Motion. Filing 32. For the reasons stated herein, the Court denies Walker's facial challenge under the Second Amendment and holds in abeyance Walker's facial and as-applied void-for-vagueness challenges and his as-applied challenge under the Second Amendment.

## II.  BACKGROUND

Walker and the Government have offered statements of facts in their briefs, from which the Court draws part of its background section. Nevertheless, the Court makes no determination of the facts of this case in this order because neither party has offered any evidence in support of their factual statements. It is axiomatic that "statements of counsel are not evidence." *United States v. Boen*, 59 F.4th 983, 991 (8th Cir. 2023) (quoting *Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1316 n.10 (8th Cir. 1995)). The purpose of this background section is simply to provide context for the present motion.

1

As counsel for Walker and the Government outline, Officer Gerald Dillon with the Bureau of Indian Affairs stopped Walker's vehicle on November 22, 2022. Filing 29 at 2; Filing 32 at 1. While speaking with Walker, Officer Dillon allegedly smelled alcohol on Walker's breath. Filing 29 at 2; Filing 32 at 2. After Officer Dillon had Walker perform a field sobriety test—which Walker passed—Walker consented to a search of his vehicle. Filing 29 at 2; Filing 32 at 2. During the search, Officer Dillon located a firearm in the trunk, a marijuana pipe in the driver's side door handle, a glass pipe with burn marks, and a cigarette pack with a plastic straw that allegedly contained methamphetamine. Filing 29 at 2; Filing 32 at 2.

Walker agreed to speak with Officer Dillon after the search. Filing 29 at 2; Filing 32 at 2. Walker purportedly stated that everything in the vehicle was his and that only the cigarette pack contained narcotics. Filing 29 at 2; Filing 32 at 2. Walker admitted to using methamphetamine earlier that evening and a couple of times a week for the last few years. Filing 29 at 2; Filing 32 at 2–3. Subsequent testing allegedly showed that the substance in the cigarette pack was methamphetamine. Filing 32 at 3.

On December 13, 2022, a grand jury charged Walker with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). Filing 1 at 1. Walker filed a Motion to Dismiss the Indictment on May 1, 2023. Filing 29. In his accompanying brief, Walker makes four constitutional challenges to his criminal charge: (1) that 18 U.S.C. § 922(g)(3) is unconstitutionally vague on its face; (2) that 18 U.S.C. § 922(g)(3) is unconstitutionally vague as applied to him; (3) that 18 U.S.C. § 922(g)(3) is facially unconstitutional under the Second Amendment to the United States Constitution; and (4) that as applied in this case, 18 U.S.C. § 922(g)(3) violates the Second Amendment to the United States Constitution. *See generally* Filing 29.

### III. ANALYSIS

#### A. Void for Vagueness

18 U.S.C. § 922(g)(3) makes it unlawful for any person to possess a firearm if he or she "is an unlawful user of or addicted to any controlled substances . . . .". 18 U.S.C. § 922(g)(3). Walker argues that this provision is unconstitutionally vague because it fails to define what it means to be an "unlawful user" or "addicted." Filing 29 at 3.

The Due Process Clause of the Fifth Amendment prohibits federal enforcement of vague laws. *See United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). "Vague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them." *Id.* (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). A criminal statute must outline an offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . in a manner that does not encourage arbitrary and discriminatory enforcement." *Beckles v. United States*, 580 U.S. 256, 262 (2017).

Defendants may make a facial challenge or an as-applied challenge to a criminal statute's vagueness. In his facial challenge, Walker contends that the omission in 18 U.S.C. § 922(g)(3) of what it means to be a "user of" or "addicted to" narcotics makes it difficult, if not impossible, for people of common intelligence to know when they fall into the class of individuals who are prohibited from possessing firearms. Filing 29 at 4–9. Prior to 2015, facial challenges required defendants to show that "no set of circumstances existed under which the statute would be valid." *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (cleaned up) (quoting *United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010)). In 2015, however, the Supreme Court clarified that a facial challenge does not fail "merely because there is some conduct that falls within the provision's grasp." *Johnson v. United States*, 576 U.S. 591, 602 (2015).

3

Nevertheless, a criminal defendant cannot mount a facial attack on a statute until he or she shows "that the statute is vague as applied to his [or her] particular conduct." *Bramer*, 832 F.3d at 909. The reason for this rule is the oft-cited maxim that "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Koech*, 992 F.3d 686, 688–89 (8th Cir. 2021). Thus, a successful as-applied void-for-vagueness challenge is a necessary predicate to testing a law's vagueness on its face.[1] *See United States v. Milk*, 66 F.4th 1121, 1135 (8th Cir. 2023) ("When reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional."). The Court therefore turns to Walker's as-applied challenge.

To prevail on his as-applied challenge, Walker must show that the statute did not give "adequate warning" that his conduct was a criminal offense. *Milk*, 66 F.4th at 1135. "If 'the statute gave adequate warning, under [the defendant's] specific set of facts, that the defendant's behavior was a criminal offense,' then the statute is not vague." *United States v. KT Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021) (alteration in original). Walker's as-applied challenge largely tracks the arguments he made in his facial challenge. Walker asserts that he could not have known that he was a "user of" or "addicted to" a controlled substance at the time he possessed the gun because he does not have a criminal history involving the use of controlled substances and, according to his counsel, he was not under the influence of narcotics at the time of his arrest for the instant offense. Filing 29 at 9–10.

---

[1] Indeed, the Eighth Circuit seems to categorically bar facial challenges for vagueness that do not involve the First Amendment. *See United States v. Ghane*, 673 F.3d 771, 778 (8th Cir. 2012) ("Vagueness challenges like the one here, that 'do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'" (quoting *United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002)); *see also United States v. Turner*, 842 F.3d 602, 606 n.1 (8th Cir. 2016) (noting that an Eighth Circuit panel had held "that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks" (citing *Ghane*, 673 F.3d at 777)).

Before the Court can address the merits of Walker's arguments, however, it must determine if his as-applied challenge is premature because the Court should defer ruling on it until trial. Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the motion." *United States v. Gilliam*, 934 F.3d 854, 858 n.3 (8th Cir. 2019) (quoting *Turner*, 842 F.3d at 604). If a court must make a factual determination that "fall[s] within the province of the ultimate finder of fact" to rule on a pretrial motion, it must defer ruling on it until trial. *Turner*, 842 F.3d at 605 (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994)).

In *United States v. Turner*, the Eighth Circuit considered an as-applied challenge to 18 U.S.C. § 922(g)(3). *See Turner*, 842 F.3d at 604–606. It held that "the district court could not rule on Turner's as-applied constitutional challenge without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court should have deferred ruling until trial." *Id.* at 605. That decision is directly on point with the issue before this Court. As in *Turner*, ruling on Walker's as-applied challenge would require resolution of factual issues squarely within the jury's purview, including the extent and timing of his drug use.

The Court will defer ruling on Walker's as-applied void-for-vagueness challenge to 18 U.S.C. § 922(g)(3). *See United States v. Ariza*, No. 8:21-CR-102, 2021 WL 3144867, at *2 (D. Neb. July 26, 2021) (deferring an as-applied challenge to 18 U.S.C. § 922(g)(3)). Furthermore, because an as-applied challenge must be adjudicated before considering a facial challenge, the Court must also defer ruling on Walker's facial challenge. Accordingly, Walker's void-for-vagueness challenges to § 922(g)(3) is held in abeyance.

5

### B. The Second Amendment Challenge

Walker also argues that 18 U.S.C. § 922(g)(3) is unconstitutional because it violates the Second Amendment to the United States Constitution. Like his void-for-vagueness challenge, Walker advances a facial attack and an as-applied attack under the Second Amendment.

The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. As the Supreme Court has repeatedly emphasized, "[I]ndividual self-defense is the central component of the Second Amendment right." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2133 (2022) (internal quotation marks omitted) (quoting *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010)). Never has the Supreme Court stated that that the right secured by the Second Amendment is unlimited, however. *See D.C. v. Heller*, 554 U.S. 570, 626 (2008); *Bruen*, 142 S. Ct. at 2133. In fact, in its landmark decision in *D.C. v. Heller*, the Supreme Court emphasized that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller*, 554 U.S. at 626–27; *see also Bruen*, 142 S. Ct. at 2133 (noting "*Heller's* discussion of 'longstanding' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings'" (quoting *Heller*, 554 U.S. at 626); *Bruen*, 142 S. Ct. at 2162 (Kavanauah, J., concurring) (reiterating the list of "presumptively lawful" firearms regulations).

After *Heller*, the Eighth Circuit addressed a facial challenge to 18 U.S.C. § 922(g)(3) in *United States v. Seay*, 620 F.3d 919 (2010). Following a survey of other courts to consider the issue post-*Heller*, the Eighth Circuit noted that every court had upheld the constitutionality of

§ 922(g)(3). *See Seay*, 620 F.3d at 924–25. The Eighth Circuit also found that "§ 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*." *Id.* at 925. Accordingly, the Court held that "§ 922(g)(3) is the type of 'longstanding prohibition[] on the possession of firearms' that *Heller* declared presumptively lawful." *Id.* (alteration in original) (quoting *Heller*, 554 U.S. at 626).

*Seay* would appear to directly govern Walker's facial challenge here,[2] yet neither Walker nor the Government mention it in their briefing. Presumably, both parties are under the impression that the Supreme Court's recent Second Amendment case, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, casts doubt on its continuing validity. In *Bruen*, the Supreme Court rejected the two-step means-end scrutiny approach to ruling on the constitutionality of firearms regulations that had been widely adopted by the courts of appeals after *Heller*. *See Bruen*, 142 S. Ct. at 2126. Instead, the *Bruen* Court explained, a court must first ask whether the Second Amendment's plain text convers a person's conduct. *See id.* at 2129–30. If so, then the Government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

While *Bruen* outlined an analytical framework to assessing the constitutionality of firearms regulations, it took pains to stress that it was applying the same "test that [it] set forth in *Heller*." *Id.* at 2131. *Bruen* does not directly repudiate, nor is it inconsistent with, the Eighth Circuit's holding in *Seay*. Nothing in *Seay* shows that the Eighth Circuit was applying the two-step means-end test that *Bruen* expressly rejected. In fact, in *Seay*, the Eighth Circuit noted that 18 U.S.C. § 922(g)(3)'s historical pedigree was the same as other provisions in § 922(g) that courts had

---

[2] Unlike the void-for-vagueness context, the Eighth Circuit has not held that a successful as-applied challenge is required to challenge a statute facially under the Second Amendment. *See United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) (addressing a facial challenge under the Second Amendment while considering the as-applied challenge waived).

7

upheld as constitutional. *See Seay*, 620 F.3d at 925. In light of this historical pedigree, the *Seay* court held that § 922(g)(3) was like the "longstanding prohibitions" mentioned in *Heller*. *Id.* at 925. As far as this Court can discern, the Eighth Circuit in *Seay* properly applied the "test that [the Supreme Court] set forth in *Heller*," which the Supreme Court also employed in *Bruen*.[3] *Bruen*, 142 S. Ct. at 2131.

District courts must follow Eighth Circuit caselaw except in the "limited" circumstance when "an intervening expression of the Supreme Court is inconsistent with those previous opinions." *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023) (quoting *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000)); *cf. Agostini v. Felton*, 521 U.S. 203, 237–38 (1997) (noting that the district court was "correct to recognize that the motion had to be denied unless and until [the Supreme] Court reinterpreted the binding precedent"); *United States v. Cavanaugh*, 643 F.3d 592, 606 (8th Cir. 2011) ("[W]hen the Supreme Court issues an opinion with reasoning that appears to undercut an earlier decision, lower courts must continue to apply the earlier ruling in factual contexts analogous to the earlier case until such time that the Supreme Court itself overturns the earlier case."). Because there is no indication that *Seay* is inconsistent with Supreme Court caselaw, *Bruen* does not give this Court license to disregard it. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) ("The District Court . . . is bound . . . to apply the precedent of this Circuit"); *see also United States v. Le*, No. 423CR00014SHLHCA, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) (concluding that the "proper course is to treat *Seay* as binding and 'leav[e] to [the Eighth Circuit] the prerogative of overruling its own decisions'" (alterations in original)

---

[3] Recently, in *United States v. Jackson*, the Eighth Circuit weighed in on a post-*Bruen* challenge to 18 U.S.C. § 922(g)(1), which makes it illegal for a felon to possess a firearm. *See United States v. Jackson*, No. 22-2870, 2023 WL 3769242, at *3 (8th Cir. June 2, 2023) (publication pending). The *Jackson* court upheld the constitutionality of § 922(g)(1), in part relying on *Heller's* delineation of "longstanding" firearm prohibitions. *See id.* at *4. Nothing in *Jackson* casts doubt on the continuing viability of *Seay*. Indeed, if anything, *Jackson's* holding and analysis supports the conclusion reached in *Seay*.

8

(quoting *United States v. Coonce*, 932 F.3d 623, 641 (8th Cir. 2019))). Until the Supreme Court overturns *Seay's* holding or the Eighth Circuit reconsiders it, this Court will dutifully apply *Seay* to facial challenges to 18 U.S.C. § 922(g)(3). Therefore, the Court concludes that the controlling opinion in *Seay* means Walker's facial challenge under the Second Amendment fails.

Walker's as-applied attack on 18 U.S.C. § 922(g)(3) is straightforward, because it must be held in abeyance for the same reasons as Walker's as-applied void-for-vagueness challenge.[4] In his as-applied Second Amendment challenge, Walker's counsel asserts that Walker was "merely found with a controlled substance, not under the influence of any, and . . . has no criminal history of using controlled substances." Filing 29 at 14. According to Walker, in this situation the Second Amendment bars his prosecution. Filing 29 at 14. However, like his as-applied void-for-vagueness challenge, Walker's as-applied Second Amendment challenge is premature. As previously mentioned, Federal Rule of Criminal Procedure 12(b)(1) bars ruling on a pretrial motion unless "the court can determine [the defense, objection, or request] without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Only if "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the motion" can the Court properly rule on it before trial. *Gilliam*, 934 F.3d at 858 n.3. Here, the scope of Walker's drug use and the extent of his possession of the firearm are directly implicated by both his as-applied Second Amendment challenge and the issues to be resolved at trial. *Cf. Turner*, 842 F.3d at 605–06. Therefore, Walker's as-applied Second Amendment challenge must be held in abeyance pending trial.

---

[4] As an initial matter, the Court has not been presented with any evidence in support of either Walker's or the Government's version of events. *See Boen*, 59 F.4th at 991 ("[S]tatements of counsel are not evidence" (quoting *Exeter Bancorporation*, 58 F.3d at 1316 n.10); *United States v. Adejumo*, 772 F.3d 513, 529 (8th Cir. 2014) (holding that the Government failed to meet its burden on the applicability of a sentencing enhancement when it only presented the representation of a prosecutor during sentencing in support). It is doubtful that the Court can adjudicate an as-applied challenge in the absence of evidence about what occurred in this case. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1130–31 (2019) (holding that an as-applied challenge to death penalty procedures failed when the prisoner did not "develop a factual record concerning exactly what procedures the State planned to use"). That reason alone counsels against ruling on Walker's challenge at this time.

## IV.     CONCLUSION

For these reasons, the Court denies Walker's facial Second Amendment challenge and holds the remainder of his Motion in abeyance. Accordingly,

IT IS ORDERED that Defendant Emmet Walker's Motion to Dismiss, Filing 29, is denied in part and held in abeyance in part as outlined in this order.

Dated this 9th day of June, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge